## MILLER v. MAWHINNEY LAST CO.

(Circuit Court of Appeals, First Circuit. December 13, 1900.)

No. 319.

PATENTS—CONSTRUCTION OF CLAIMS—SHOE LASTS.

The Smith patent, No. 395,668, cl. 2, which describes a shoe last divided transversely into two sections, connected by a hinge "at or near the bottom portion of the last," is fatally defective in failing to definitely specify the point at which the parts should be hinged, which is an essential feature of a successfully operative last made in two sections.

Appeal from the Circuit Court of the United States for the District of Massachusetts. See 96 Fed. 248.

William Quinby, for appellant.

Edward S. Beach and Frederic H. Betts, for appellee.

Before COLT and PUTNAM, Circuit Judges, and WEBB, District Judge.

PUTNAM, Circuit Judge. This suit is based on the alleged infringement of a patent issued to George E. Smith and William A. Knipe, bearing date on the 1st day of January, 1889, No. 395,668, on the invention of Smith. The parties are arranged in this court as in the court below, and therefore they may well be described merely as complainant and respondent. Smith's purpose was to invent a last which would yield while being inserted into the boot or shoe, and then be made rigid while in operative condition. He sought to do this by dividing the last into three sections, called by him sections a, b, and c, as shown by the following drawing:

Section c is described by him as "V-shaped," and it is removable for the purpose of being inserted after the last is in place, so as to assist in holding the other sections apart. Sections a and b are the heel and toe portions of the last, and are hinged together where they impinge near the bottom of the last. Nowhere in the specification does the patent describe the proper point at which sections a and b should be hinged, nor what should be the extent of the bearing surfaces where they impinge on each other at the place of hinging. All it says in reference to this is in the claims, where it locates the hinge "at or near the bottom portion of the last."

The only claims in issue are the second and third, as follows:

"(2) A last divided transversely through its body and bottom into two sections, each having a solid bottom, said sections being connected by a hinge at or near the bottom portion of the last, whereby the rear section is enabled to swing upward and forward, as set forth.

"(3) In a last, the sections a and b, connected by a hinge or pivot located at or near the bottom of the last, whereby the section b is enabled to swing forward and upward, as shown, combined with a holder, whereby the section b may be rigidly secured in operative relation to the section a, as set forth."

Clearly, the circuit court was right in determining that the third claim was not infringed, because the respondent's last has not the holder which is called for by it, nor is there any equivalent therefor.

A fatal defect in claim 2 arises out of the words, "at or near." We have seen that there is nothing in the specification to limit the indefinite nature of these words. Consequently, there is not enough in the patent to meet the requirements of the statute, pointing out the method by which a successful last can be made in accordance with the claim, and no useful last without a holder was ever made until the respondent came into the field. There is nothing to suggest that the inventor had any correct notion how such a last should be constructed. It is necessary that, in use, it should be firm with reference to the pressure of its ends downwards, and also upwards.

In order to make the last firm with reference to the pressure of the ends downwards, it is necessary that the pivot of the hinge should be at a sufficient distance from the bottom to leave efficient bearing surfaces below it. Nothing of this nature is spoken of in the specification, or plainly shown by the drawings. Indeed, there is nothing to show that the inventor had any notion of any method of doing this, except by the use of a spring which engaged a holder and operated to lock the parts together.

It is also clear that the inventor failed to show how the ends of the last could be protected against pressure upwards without a holder. The V-shaped section was not firm enough in place to accomplish this. The respondent accomplished it in his last, as shown in his patent of March 29, 1898. This points out that the hinge is so located that "the axis of rotation of the heel section is concentric with the arc of" a circle "bounding the rear side of the heel section, from the bottom of the heel" "to the center of the heel." It says that "the location of the pivot in or above the line of pressure between the heel and toe, tending to collapse the last, prevents the last from collapsing topward." Afterwards it describes accurately the line of this pressure. Thus the respondent's patent points out, on mathematical principles, exactly what was required to make a last operative. The result is that, so far as claim 2 is concerned, the patent in suit accomplished only a crude experiment, without practical success. As the latter was reached in the respondent's last, the complainant is not entitled to stand in its way. The decree of the circuit court is affirmed, and the costs of appeal are awarded to the appellee.